UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GREEN TREE SERVICING LLC,

    Plaintiff,

v.                                    Case No: 6:16-cv-1625-Orl-41TBS

ERIKA RODGER, GUY RODGER,
STONE ISLAND HOMEOWNERS
ASSOCIATION, INC. and DANIAL
RODGER,

    Defendants.

## REPORT AND RECOMMENDATION

    Pending before the Court are Defendant Erika Rodger's Motion to Dismiss–Court Lacks Jurisdiction (Doc. 5) and Plaintiff's Amended Motion to Remand and for Attorney's Fees and Costs (Doc 17). After due consideration, I respectfully recommend the Court take no action on the motion to dismiss, and grant the motion for remand.

### I. Background

    This controversy results from a residential mortgage loan transaction. On March 8, 2013, Quicken Loans, Inc. ("Quicken") loaned (the "Loan") Defendant Erika Rodger (the "Debtor") $238,900 (Doc. 2-1 at 1). The Loan is secured by a mortgage ("Mortgage") on property ("Property") located in Volusia County, Florida that is owned by the Debtor (Doc. 2-1 at 4). The Mortgage identifies Mortgage Electronic Registration Systems, Inc., as Nominee for Quicken ("MERS"), as mortgagee (Id.). Debtor has not made a single payment on the Loan (Doc. 2, ¶ 5).

    On June 13, 2013, Debtor filed suit against Quicken and MERS in the Circuit Court in and for Volusia County, Florida, Case No. 2013 12081 CIDL (the "Quiet Title Action")

(Doc. No. 2 in Case No. 6:13-cv-1195-Orl-37TBS). She alleged that the Property was her principal residence, and that title to the Property should be quieted in her because she had exercised her right to rescind the Loan pursuant to the Truth-in-Lending Act, 15 U.S.C. § 1635(a) ("TILA") and the regulation implementing TILA, 12 C.F.R. § 226 (Id.). Quicken removed the Quiet Title Action to this Court (Id., Doc. 1). After minimal litigation, the Court dismissed the Quiet Title Action without prejudice on January 30, 2014 (Id., Doc. 48).

Plaintiff filed this lawsuit (the "Foreclosure Action"), Case No. 2013 13352 CIDL in the Circuit Court in and for Volusia County, Florida on December 5, 2013 (Doc. 2). In its complaint, Plaintiff alleges that it services the Loan for the owner, Federal National Mortgage Association, which authorized the filing of the Foreclosure Action (Doc. 2, ¶ 3). Debtor, through counsel, filed an answer and affirmative defenses in the Foreclosure Action (Doc. 1-3 at 52).

On February 18, 2016, Debtor, appearing pro se, filed a lawsuit against Plaintiff in the Circuit Court in and for Volusia County, Florida, Case No. 2016-10249-CIDL (the "Rescission Action") (Doc. 15-2 at 1). In her complaint, Debtor seeks a declaration that she rescinded the Loan pursuant to TILA (Id.). Debtor also alleges that Quicken filed a paper in the Public Records of Volusia County which falsely states that Quicken assigned the Loan to Plaintiff; and that Plaintiff violated the Florida Consumer Collection Practices Act and the Fair Debt Collection Practices Act (Id.). It appears that the Rescission Action is still pending in the state court (Doc. 15-1 at 1).

Debtor's attorney withdrew from the Foreclosure Action on March 15, 2016 (Doc. 1-6 at 67). In an order dated May 11, 2016, the state court set the Foreclosure Action for a docket sounding on September 14, and trial on September 16, 2016 (Doc. 1-6 at 76).

- 2 -

On September 2, 2016, Debtor, pro se, filed an amended answer without leave of the state court (Doc. 3). On September 7, 2016, Debtor filed the motion to dismiss the Foreclosure Action (Doc. 5). On September 9, 2016, Defendant Daniel Rodger[1], who identifies himself as "tenant" (the "Tenant"), and who had been defaulted by the state court clerk on January 3, 2016 (Doc. 1-3 at 29-30), filed a Cross Party Complaint against Debtor (Doc. 1-7 at 37). The Cross Party Complaint seeks a declaratory judgment that Debtor properly rescinded the Loan under TILA (Id.). The state court held the docket sounding on September 14, 2016, and left the case on its trial docket for September 19, 2016 (Doc. 1-7 at 45).

On the day of the trial, Debtor filed: (1) a motion to strike the case from the trial calendar and a motion for continuance (Doc. 1-7 at 30); (2) a motion to disqualify the state court judge (Doc. 15-3 at 1); (3) the notice of removal of the Foreclosure Action to this Court (Doc. 1); and (4) a notice of unavailability (Doc. 1-7 at 59). Debtor's notice of removal asserts that the Court has jurisdiction because the Tenant's cross claim raises a federal question in that it relies on federal statutes relating to TILA (Doc. 1, ¶ 2). Debtor states: "[o]n this Federal Question and the TILA [Debtor] removes this case." (Id.).

Plaintiff argues that the Foreclosure Action must be remanded to the state court because the Tenant's cross claim against the Debtor does not confer removal jurisdiction on this Court (Doc. 15 at 5). Debtor counters that the Court has jurisdiction because the cross claim raises a federal question (Doc. 19 at 1-2).

## II. Discussion

The rule of construing removal statues strictly and resolving doubts in favor of

---

[1] Although they share the same last name, I do not know if the Debtor and Tenant are related.

- 3 -

remand is well-established. See Syngenta Crop. Prot. Inc. v. Henson, 537 U.S. 28, 32 (2002)); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). "A removing defendant bears the burden of proving proper federal jurisdiction." Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002) (citing Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001)). "A defendant's right to remove an action from state to federal court is 'purely statutory and therefore its scope and the terms of its availability are entirely dependent on the will of Congress.'" Global Satellite Communications Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1271 (11th Cir. 2004) (quoting 14B Charles Alan Wright, Arthur R Miller, & Edward H. Cooper, Federal Practice and Procedure, § 3721 (3d ed. 1998)).

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (2011). According to the Supreme Court, "[a] district court's federal-question jurisdiction, we recently explained, extends over 'only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 808 (1988) (quoting Franchise Tax Board of California v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)). Thus, subject to certain qualifications that do not apply here, "the principle governing removal is this: the right or immunity created by the Constitution, a treaty, or other federal law that is claimed to provide the

basis for bringing the state court case into the federal system by way of removal must be an essential element of the plaintiff's properly pleaded claim for relief." 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure, § 3722, pp. 285-86 (4th ed. 2016).

Resolution of Plaintiff's complaint to foreclose the Mortgage does not require the court to decide any question of federal law. Debtor removed the case to this Court based on the assertion of TILA in Tenant's cross claim against her. Tenant filed that cross claim after he was defaulted, without leave of the state court, three years into the litigation of the Foreclosure Action, and on the eve of trial. And, the only party Tenant is suing is the Debtor who is asserting her own TILA claim against Plaintiff in the Rescission Action which remains in state court. Even if the cross claim was sustainable,[2] Debtor based her removal on 28 U.S.C. §1441(c) (Doc. 1, ¶10), which is not available to effect removal here. See Chevy Chase Bank, F.S.B. v. Carrington, No. 6:09-cv-2132-Orl-31-GJK, 2010 WL 1854123 (M.D. Fla. May 10, 2010) (cross claim defendant could not remove case to federal court as TILA and RESPA claims did not appear in plaintiff's complaint). Thus, I find that this controversy does not arise under federal law, it was improperly removed to this Court, and this Court lacks subject matter jurisdiction. Therefore, I **respectfully recommend** that the Court remand this case to the Circuit Court in and for Volusia County, Florida. Because I find that this Court does not have jurisdiction, it is precluded from deciding Debtor's motion to dismiss.

Plaintiff seeks an award of its attorney's fees and costs pursuant to 28 U.S.C. § 1447(c) which provides, *inter alia*, that "[a]n order remanding the case may require

---

[2] Although not an issue before this Court, it appears to me that Tenant's cross claim is subject to dismissal on procedural grounds and for failure to state a cause of action.

- 5 -

payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." The Supreme Court has held that: "Absent unusual circumstances, courts may award attorney's fees under 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005).

Plaintiff argues that this is a case where fees should be awarded because it is obvious "that the cross-claim was filed in the foreclosure suit to avoid trial, delay foreclosure, and set the case up, in [Debtor's] mind, for removal." (Doc. 15 at 9). Debtor counters that fees and costs should not be awarded because there is no valid, enforceable contract between herself and Plaintiff but, that issue has yet to be decided by any court (Doc. 19 at 2). She also argues that Plaintiff's motion is legally insufficient but, she fails to explain why (Id., at 3). Lastly, Plaintiff argues that the "American Rule" with respect to the award of attorney's fees applies and there is no contractual basis for an award of fees in this case (Id.). None of these arguments address the application of § 1447(c) in this case.

The timing of the filing of the cross claim - ten days before the trial by a person with the same last name as Debtor- cannot be ignored. It is also interesting that when the defaulted Tenant filed the cross claim he alleged that "[t]he Controversy involves a federal question." (Doc. 1-7 at 37) and Debtor "resides in the middle district of Florida." (Id., at 38). I can think of no reason for the inclusion of these averments in the cross claim except to bolster removal by Debtor.

The sole basis for the removal of this case by Debtor is Tenant's assertion of TILA in the cross claim. I find this disingenuous at best. If Debtor believed she could lawfully remove the case on this basis, then she should have removed the case in April of 2014, based on her own answer and affirmative defenses which allege that foreclosure is barred by Plaintiff's violations of the Fifth Amendment, 1442 [sic] U.S.C. § 1983 (Debtor's Thirty Third Affirmative Defense); Plaintiff's alleged failure to comply with federal loan servicing requirements (Thirty Fourth Affirmative Defense); Plaintiff's alleged violation of the Fair Debt Collection Practices Act (Thirty Fifth Affirmative Defense); Plaintiff's alleged violation of TILA (Thirty Seventh Affirmative Defense); and Plaintiff's alleged violation of the Federal Fair Credit Reporting Act (Forty First Affirmative Defense) (Doc. 1-3 at 67-77). Of course, removal would still have been improper. <u>WRI Property Management, LLC v. Nicolette Filsaime</u>, 1:16-cv-4512-WSD, 2017 WL 429414 (N.D. Ga. Feb. 1, 2017) ("A federal cause of action within a counterclaim or a federal defense is not a basis for removal jurisdiction.") (citing <u>Vaden v. Discovery Bank</u>, 556 U.S. 49, 59-61 (2009)). And, if Debtor had truly wanted to litigate the TILA claim in federal court, she would have filed the Rescission Action here.

As a matter of law, Debtor's removal of the Foreclosure Action was not objectively reasonable. This fact, combined with the other factors outlined above, lead me to conclude that this is an appropriate case in which to award attorney's fees and costs. Accordingly, I **respectfully recommend** that the Court find Debtor liable for Plaintiff's reasonable attorney's fees and costs incurred to litigate the remand issue.

### III. Recommendation

Upon consideration of the foregoing, I **respectfully recommend** that the Court **GRANT** Plaintiff's amended motion for remand (Doc. 17) and:

(1) Remand this case to the Circuit Court in and for Volusia County, Florida;

(2) Award Plaintiff its reasonable attorney's fees and costs to litigate the remand issue.

(3) Retain jurisdiction solely to determine the amount of attorney's fees and costs to be awarded to Plaintiff.

(4) Plaintiff be given fourteen days in which to file its motion for attorney's fees and costs, and Debtor be given fourteen days to respond.

(5) That the Court take no action on Debtor's motion to dismiss (Doc. 5).

### IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on February 16, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Unrepresented Parties