UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**GREEN TREE SERVICING LLC,**

    **Plaintiff,**

v.                                                            Case No: 6:16-cv-1625-Orl-41TBS

**ERIKA RODGER, GUY RODGER,
STONE ISLAND HOMEOWNERS
ASSOCIATION, INC. and DANIAL
RODGER,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Amended Motion to Remand (Doc. 17). United States Magistrate Judge Thomas B. Smith submitted a Report and Recommendation ("R&R," Doc. 20), in which he recommends that this case be remanded to state court and Defendant Erika Rodger be ordered to pay Plaintiff's attorney's fees and expenses. Rodger filed an Objection (Doc. 21) to the R&R, raising substantially the same arguments presented in her Response (Doc. 19) to the Amended Motion to Remand.

After a *de novo* review, this Court agrees with the analysis in the R&R. At the outset, to the extent Rodger objects to the factual statements set forth in the background section of the R&R, her objections are without merit. Judge Smith set forth the factual background as alleged by the parties, but he did not address the merits of those contentions or make any legal determination as to the truth of any fact asserted.

Rodger's objections with respect to the R&R's finding that a cross-defendant lacks the right to remove a case that is not otherwise removable are also without merit. The majority of

courts that have addressed this issue have found that a crossclaim defendant may not remove a case based on the appearance of a federal question in the crossclaim. *See Howard & Assocs., Attorneys-at-Law, P.A. v. Lieff Cabraser Heimann & Bernstein, LLP*, No. 3:15-cv-1109-J-39JRK, 2016 WL 7232566, at *7 n.6 (M.D. Fla. Sept. 26, 2016) (collecting cases). Accordingly, if the federal question does not appear in the original complaint as filed by the original plaintiff—as it plainly does not in this case—then the case is not removable on the basis of federal question jurisdiction.

As to the issue of attorney's fees and costs, Rodger's makes only a general objection that incorporates her arguments as made in her Response but does not specifically or generally object to the factual findings made in the relevant portion of the R&R. "If no specific objections to findings of facts are filed, the district court is not required to conduct a *de novo* review of those findings." *Statum v. Colvin*, 169 F. Supp. 3d 1297, 1298 (M.D. Fla. 2016). Rodger's objection is based on the alleged lack of a contractual relationship with Plaintiff, which Rodger submits prevents Plaintiff from recovering an award of fees and costs. However, the R&R's recommendation is based on the *statutory* right of entitlement created by 28 U.S.C. § 1447(c), which allows the shifting of fees where the removal was frivolous or not otherwise justified. (*See also* Doc. 19 at 3 ("[A]ttorney's fees are not recoverable unless a *statute* or a contract specifically authorizes their recovery." (emphasis added))). For the reasons set forth in the R&R, this Court agrees that an award of reasonable costs and fees is justified in this case.

Therefore, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 20) is **ADOPTED** and **CONFIRMED** and made a part of this Order.
2. Plaintiff's Amended Motion to Remand (Doc. 17) is **GRANTED**.

3. This case is **REMANDED** to the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida, Case Number 2013 13352 CIDL.

4. This Court retains jurisdiction solely to determine the amount of attorney's fees and costs to be awarded to Plaintiff.

5. **On or before May 8, 2017**, Plaintiff shall file a motion for attorney's fees and costs. Rodger shall have fourteen days thereafter to file a response.

6. The Order to Show Cause (Doc. 12) is **DISCHARGED**.

7. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Orlando, Florida on April 24, 2017.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties
Clerk of the Court of the Seventh Judicial Circuit, in and for Volusia County, Florida